IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| SUSAN CAMACHO, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 07-3006-CV-W-DW-SSA |
| MICHAEL ASTRUE, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) | |

**ORDER**

Susan Camacho seeks judicial review of the denial of her request for disability insurance benefits under Title II of the Social Security Act. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate. After examining the parties' arguments and the administrative record, the Court affirms the Commissioner's decision.

I.    Standard of Review

The Court's review is limited to determining if the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. 42 U.S.C. §§ 405(g) and 1383(c)(3); Travis v. Apfel, 477 F.3d 1037, 1040 (8th Cir. 2007). This review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision, the Court also takes into account whatever in the record fairly detracts from its weight. Singh v. Apfel, 222 F.3d 448, 451 (8th Cir. 2000). The Court does not resolve factual conflicts, however, and the ALJ's decision must be upheld if it is supported by substantial evidence. Harwood v. Apfel, 186 F.3d 1039, 1042 (8th Cir. 1999). Consequently, an administrative decision is not subject to reversal

simply because some evidence may support the opposite conclusion. Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997). Even if the Court would have weighed the evidence differently, it must affirm the denial of benefits if there is enough evidence to support either side. Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992).

II. Discussion

Plaintiff argues that the ALJ's decision should be overturned because reversible errors were made in evaluating the medical opinion of her treating physician, Beryl Parrish, M.D., and in developing Plaintiff's residual functional capacity ("RFC") and hypothetical question to the vocational expert.

A. Treating Physician

Plaintiff contends that the ALJ failed to afford proper weight to the opinion of Dr. Parrish contained the Medical Source Statement - Physical ("MSS-P"). Therein, Dr. Parrish opined that Plaintiff was unable to perform sedentary work due to her inability to sit, stand, or walk for the duration of an eight-hour workday. Dr. Parrish also opined that Plaintiff would have to lie down every fifteen minutes for one-half hour at a time.

The ALJ has authority to resolve conflicts between the medical evidence of record. See Jenkins v. Chater, 76 F.3d 231, 233 (8th Cir. 1996). While treating physicians' opinions are entitled to substantial weight, such opinions are not conclusive and must be supported by medically acceptable clinical or diagnostic data. Pena v. Chater, 76 F.3d 906, 908 (8th Cir. 1996). In the proper circumstances an ALJ may be warranted in discrediting a physician's opinions that are inconsistent with and contradicted by other evidence in the record. Weber v. Apfel, 164 F.3d 431 (8th Cir. 1999).

In her decision, the ALJ carefully addressed the medical evidence presented in this case. In so doing the ALJ found Dr. Parrish's own treatment notes and the medical records from other treating sources failed to support the limitations indicated by Dr. Parrish in the MSS-P. The ALJ specifically detailed the inconsistencies in the medical evidence that she found relevant. The ALJ also noted inconsistencies between the limitations imposed by Dr. Parrish and Plaintiff's own testimony regarding her daily activities. After considering all the record evidence, the Court finds that the ALJ properly considered and resolved the conflicting medical opinions and her determination is supported by substantial evidence on the record as a whole.

B. Residual Functional Capacity ("RFC") and Vocational Expert ("VE")

Plaintiff argues that the ALJ did not include all of Plaintiff's limitations in her RFC or in the hypothetical question to the vocational expert, specifically, her use of a cane, chronic pain resulting from fibromyalgia, and drowsiness resulting from her medications.

The ALJ has a duty to determine the RFC based on all of the relevant evidence, but the ALJ may properly exclude those limitations he finds to be not credible. McKinney v. Apfel, 228 F.3d 860, 863-65 (8th Cir. 2000). Here, the ALJ excluded those limitations she found not credible. The ALJ's evaluation of the medical evidence and Plaintiff's credibility were made after a thorough review of the evidence in the record. The ALJ discussed Plaintiff's claim of fibromyalgia and the lack of medical evidence supporting her claims of disabling physical limitations it imposed on her ability to work. The ALJ also specifically discussed Plaintiff's claimed side effects from medication and use of a cane in the determination of her RFC. The RFC includes specific limitations to accommodate Plaintiff's claimed decrease in mobility and short-term drowsiness. Finally, the hypothetical question to the VE included the limitations the

3

ALJ found credible. That this or another Court would have made a different determination is irrelevant where, as here, the ALJ's determination is supported by substantial evidence. Accordingly, the Court finds that the ALJ's RFC and hypothetical question to the VE are supported by substantial evidence on the record as a whole.

    III.    <u>Conclusion</u>

For the foregoing reasons, the Court AFFIRMS the Commissioner's decision.


Date:   April 17, 2008                                       /s/ Dean Whipple
                                                                        Dean Whipple
                                                    United States District Judge